WILLIS, BEN C. (Ret.), Associate Judge.
This cause was initiated by Clark’s filing of a petition for writ of habeas corpus in the Circuit Court of the Eighth Judicial Circuit. In his petition, Clark asserted that he is a prisoner at Florida State Prison and that he was placed in adminstrative confinement and subsequently in close management status in violation of his due process rights. Specifically, Clark complains that prison officials failed to grant him a pre or post administrative hearing for his placement in confinement and failed to advise him of the reason why he was removed from the general prison population in accordance with Rule 38-3.081(4), Florida Administrative Code.
On 26 July 1985, the trial judge entered an order dismissing Clark’s petition. The order concluded that the documents provided by the State in connection with their response to Clark’s petition demonstrated that he was not entitled to the relief which he sought. We affirm.
Clark was placed in administrative confinement due to his involvement in a fighting incident in which another inmate suffered multiple stab wounds. The applicable rule, Section 33-3.081(5)(a), Fla.Admin. Code, provides that any inmate placed in administrative confinement shall be given a hearing and an opportunity to present any facts or arguments relevant to his placement in such confinement. From the report filed in this case, it can be seen that Clark was interviewed by a correctional officer and given an opportunity to make a statement, but that a hearing was not held.
Clark was subsequently placed on close management status. However, prior to this a hearing was held by the close management assignment team at which Clark was allowed to be present. Placement of inmates on close management is governed by Section 33-3.083(4), Fla.Admin.Code, which like the other rule requires a hearing and an opportunity to be heard.
From the above, it can be seen that this case presents an interesting dilemma, to-wit: what relief, if any, should an inmate be granted when the procedure required to place him in administrative confinement has not been met, but the procedure required to place him in the more restrictive confinement of close management has been met?
It has been determined that state administrative procedures required for placing an inmate on administrative confinement and its subcategory “close management” generate a liberty interest in an inmate remaining in the general prison population. Adams v. Wainwright, 512 F.Supp. 948 (N.D. Fla. 1981). Otherwise stated, when policies and procedures are instituted by the Department of Corrections, they must be followed or a due process right is violated. Granger v. Florida State Prison, 424 So.2d 937 (Fla. 1st DCA 1983).
Accordingly, we are concerned with the failure of prison officials to comport with the mandates of the administrative confinement rule. However, we find we must affirm the trial court’s denial of Clark’s petition for the reason that once Clark was placed in close management status, any complaints as to his placement in administrative confinement became moot. Placement in administrative confinement is not a prerequisite to placement in close management. Therefore, any error in the procedure employed for the first should not be seen to taint the latter. Further, since Clark was validly placed in close management status, granting his petition for habe-as corpus relief or instructing an evidentia- *1057 ry hearing on the petition would still not enable him to return to the prison’s general population.
Affirmed.
NIMMONS and WENTWORTH, JJ., concur.