747 So.2d 402 (1999)
Walter JOHNSON, Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES OF the STATE OF FLORIDA; Sandra Taylor, Director of Operations, Martin Treatment Center; and Mike Rivera, Executive Director, Martin Treatment Center, Respondents.
No. 99-2473.
District Court of Appeal of Florida, Fourth District.
October 6, 1999.
Michael J. Minerva, Assistant Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Polin, Assistant Attorney General, Miami, for respondents.
FARMER, J.
Petitioner has completed his sentence, and the State of Florida has moved to continue his confinement under the lately enacted "Jimmy Ryce Act." See Ch. 98-64, Laws of Fla. A report was filed by a *403 member of a multidisciplinary team,[1] stating that petitioner qualifies as a sexually violent predator.[2] On its face, the report was made and signed by only one member of the team. A trial judge in Leon County found probable cause to detain petitioner under the act pending a trial to determine whether he should be held in civil confinement under the Act. Petitioner filed a petition for habeas corpus with this court, as he is being held at a facility of the Department of Children and Family Services within this district. Upon consideration, we entered an order requiring that he be released unless, within 72 hours a report is filed by all members of the multidisciplinary team finding that he meets the requirements for designation as a sexually violent predator. We now explain our rationale.
Although the Act has a broad purpose to protect the public from persons who are likely to inflict violence on persons in this state, the continued confinement of a person after he has served his full sentence for conviction of a crime is serious enough to warrant scrupulous compliance with the statute permitting such confinement, not to mention the applicable constitutional provisions. An evaluation by a multidisciplinary team is, even if not jurisdictional, certainly the predicate used in this case for commencing confinement under the Act. It seems little enough for us to read the statute as requiring that both members of the team join in the assessment. Under the statute the critical inquiry will often be, as here, whether the subject "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."
As there does not appear to be much in the way of evidence to support the finding of probable cause to commit petitioner to this civil confinement other than the team's report, it assumes great significance for the confinement of this petitioner under the Act. For these reasons we ordered compliance if he is to be so held.
The mere fact that the Act does not in its own terms authorize a court to order the release of a detainee for failure to comply with the Act, as the State argues in its motion for rehearing, is of course irrelevant. The Great Writ of Habeas Corpus was especially designed to test the legality of confinement, and the legislature has not sought to eliminate its useseven assuming it could validly do sounder this Act.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] See § 6, ch. 99-222, Laws of Fla., renumbering § 916.33 as § 394.913, and amending subsection (3)(e) to read:

"Within 45 days after receiving notice, there shall be a written assessment as to whether the person meets the definition of a sexually violent predator and a written recommendation, which shall be provided to the state attorney. The written recommendation shall be provided by the Department of Children and Family Services and shall include the written report of the multidisciplinary team.
The provisions of this section are not jurisdictional, and failure to comply with them in no way prevents the state attorney from proceeding against a person otherwise subject to the provisions of this part."
[2] See § 916.32(9), Fla.Stat. (Supp.1998), defining "sexually violent predator" as one who has been convicted of a specified offense and who "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."