ALTENBERND, Acting Chief Judge.
William E. Kirchhoff, individually and as Trustee of the William E. Kirchhoff, Jr. Revocable Trust, petitions this court for a writ of prohibition or, in the alternative, a writ of certiorari preventing the trial court from entering an order of taking pursuant to South Florida Water Management District’s (SFWMD) petition for taking filed under section 74.031, Florida Statutes (2000). We treat the petitioner’s request as a petition for writ of certiorari and conclude that the trial court departed from *849 the essential requirements of the law and failed to provide procedural due process to Mr. Kirehhoff when it denied him the right to be heard, as a party, at the quick-take proceeding. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000).
At an earlier time, Mr. Kirehhoff was trustee of a land trust held for the benefit of the several members of the Lake Kis-simmee Partnership. In 1997 Mr. Kirchhoff transferred title to respondent, Meredith L. Scott, as Successor Trustee, and currently Mr. Kirehhoff and Mr. Scott are litigating the ownership of the property in an action separate from this case. See Kirchhoff v. Scott, 736 So.2d 786 (Fla. 2d DCA 1999). In that proceeding, Mr. Kirchhoff claims the former partnership no longer exists and each partner owns a respective interest in the property as tenants-in-common. Mr. Scott claims the trust still exists and he is the valid trustee. Due to this pending issue, Mr. Kirehhoff may at this time have a contingent interest in the land SFWMD is attempting to take.
Mr. Scott, as trustee, commenced this lawsuit by suing SFWMD for inverse condemnation. After mediation, Mr. Scott and SFWMD apparently agreed that SFWMD would counterclaim for eminent domain of the trust property and pursue a quick-take. SFWMD named all the partners of the Lake Kissimmee Partnership as defendants in the eminent domain action, including Mr. Kirehhoff, individually and as Trustee of the William E. Kirehhoff, Jr. Revocable Trust. A hearing was set on the petition for taking for May 16, 2001, and Mr. Kirehhoff filed several motions objecting to the petition including a motion to dismiss based on jurisdictional arguments and a motion to prohibit the withdrawal of funds. Mr. Kirehhoff requested hearings on the motions and appeared in court May 16, 2001. The trial court ruled that Mr. Kirehhoff did not have standing to be heard in the cause and did not consider his motions. Although the trial court orally granted the quick-take, the written order has not been entered because this court stayed the proceedings below after Mr. Kirehhoff filed his petition for writ of prohibition.
It is clear the trial court departed from the essential requirements of the law when it failed to allow Mr. Kirehhoff to be heard on the ■ petition for taking. Because SFWMD named Mr. Kirehhoff as a defendant, he was entitled to certain rights. Section 74.051(1), Florida Statutes (2000), states:
If a defendant requests a hearing pursuant to s. 74.041(3), said defendant may appear and be heard on all matters properly before the court which may be determined prior to the entry of the order of taking, including the jurisdiction of the court, the sufficiency of the pleadings ... and the amount to be deposited for the property sought to be appropriated.
The trial court did not adhere to the requirements of section 74.051. As a matter of due process, Mr. Kirehhoff is entitled to relief. The trial court shall provide Mr. Kirehhoff, individually and as Trustee of the William E. Kirehhoff, Jr. Revocable Trust, a hearing and an opportunity to be heard in this case.
Petition for writ of certiorari is granted.
CASANUEVA and SALCINES, JJ., Concur.