804 So.2d 460 (2001)
George MELVIN, Petitioner,
v.
STATE of Florida, Respondent.
Sau Van Nguyen, Petitioner,
v.
State of Florida, Respondent.
Kevin D. Kinder, Petitioner,
v.
State of Florida, Respondent.
John Archer, Petitioner,
v.
State of Florida, Respondent.
Bobby Joe Helms, Petitioner,
v.
State of Florida, Respondent.
Johnny Lemus, Petitioner,
v.
State of Florida, Respondent.
Charles Reynolds, Petitioner,
v.
State of Florida, Respondent.
Terry Blackmon, Petitioner,
v.
State of Florida, Respondent.
Cecil Mathews, Petitioner,
v.
State of Florida, Respondent.
William B. Johnson, Petitioner,
v.
State of Florida, Respondent.
Aaron Edmond, Petitioner,
v.
State of Florida, Respondent.
Roosevelt Daniels, Petitioner,
v.
State of Florida, Respondent.
Charles Anderson, Petitioner,
v.
State of Florida, Respondent.
Nos. 2D00-3023, 2D00-3025, 2D00-3216, 2D00-3217, 2D00-3218, 2D00-3219, 2D00-3220, 2D00-3221, 2D00-3222, 2D00-3223, 2D00-3224, 2D00-3225, 2D00-3226.
District Court of Appeal of Florida, Second District.
November 16, 2001.
Rehearing Denied January 9, 2002.
*462 Julianne Holt, Public Defender and Jeanine L. Cohen, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Dyann W. Beaty, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
George Melvin, Saul Van Nguyen, and eleven other similarly situated persons have petitioned for writs of habeas corpus. They argue that their pretrial detentions in proceedings to involuntarily commit them as sexually violent predators are illegal. We dismiss Nguyen's petition as moot and treat the others as petitions for writs of certiorari and grant them.
The facts of the petitioners' cases are materially similar. For the sake of brevity we address only the specific facts of Melvin's case. Melvin was imprisoned for sexually violent offenses. On the day he was scheduled to be released, the state attorney for the Thirteenth Judicial Circuit filed a petition in circuit court alleging that Melvin was a sexually violent predator. The petition sought an order committing Melvin for long-term control, care, and treatment under what is commonly known as the Jimmy Ryce Act. It provides for the involuntary civil commitment of sexually violent predators upon their release from prison or from another specified form of total confinement. See §§ 394.910-.931, Fla. Stat. (2000).
The Act defines a sexually violent predator as any person who has been convicted of a sexually violent offense and who "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." § 394.912(10). Under the Act, each person scheduled for release from total confinement following a conviction for a sexually violent offense is to be assessed by a multidisciplinary team of mental health professionals. § 394.913. After receiving the team's written assessment and recommendation, the state attorney may petition to have the person involuntarily committed under the Act. § 394.914.
The Act provides that upon the filing of such a petition "the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." § 394.915(1). If so, the judge must order the person detained pending the trial in the commitment proceeding. Id. The Act further provides for an adversarial probable cause hearing following the expiration of the person's incarcerative sentence if the court "determines such hearing is necessary." § 394.915(2). This provision has been interpreted to mandate such a hearing within five days of a request by a detainee whose sentence has expired. State v. Kobel, 757 So.2d 556 (Fla. 4th DCA 2000); Valdez v. Moore, 745 So.2d 1009 (Fla. 4th DCA 1999).
In each of the cases before us, the circuit court for the Thirteenth Circuit made an ex parte determination of probable cause and ordered the petitioner detained based on the state attorney's petition and accompanying documents which included reports or letters from the multidisciplinary team. None of the petitions or exhibits were sworn.
In each instance, the public defender moved unsuccessfully to vacate the detention *463 order. In Melvin's case and that of Van Nguyen, the public defender then filed petitions for writs of habeas corpus in the Fourth District Court of Appeal, in whose territorial jurisdiction all the petitioners were being held. The Fourth District transferred the petitions to this court, which has jurisdiction to review orders emanating from the Thirteenth Circuit. See Alachua Reg'l Juvenile Det. Ctr. v. T.O., 684 So.2d 814 (Fla.1996). Thereafter, the public defender filed the other eleven petitions directly with this court, and we consolidated them all.
We lack authority to issue writs of habeas corpus in these cases because the petitioners are detained outside our territorial jurisdiction. See T.O., 684 So.2d at 815-16. However, we do have certiorari jurisdiction to review the Thirteenth Circuit orders denying the petitioners' motions to vacate the detention orders. Accordingly, we treat the petitions as seeking writs of certiorari. Fla. R.App. P. 9.040(c).
The petitioners claim their detentions are illegal because the ex parte probable cause orders on which the detentions are based were not supported by sworn evidence. We note that the Act does not state whether a petition initiating a commitment proceeding must be sworn, nor does it identify the basis on which the court is to make its initial probable cause determination. The statute simply directs that upon the filing of the petition the court is to "determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." § 394.915(1).
For at least two reasons, we conclude this determination must be founded on sworn proof. First, determining whether there is probable cause to believe something requires a consideration of factual circumstances and the making of mixed conclusions of law and fact. Absent the parties' stipulations, courts may only find facts based on sworn evidence; mere unsworn allegations are insufficient to prove any fact. Blimpie Capital Venture, Inc. v. Palms Plaza Partners Ltd., 636 So.2d 838 (Fla. 2d DCA 1994); State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991). It is plain to see, then, that by charging the court with a duty to determine the existence of probable cause, the legislature necessarily contemplated that the court would receive sworn proof.
Second, it is apparent that the legislature prescribed the early ex parte judicial probable cause determination in order to furnish the alleged predator due process before depriving him of his liberty pending trial on the merits of the commitment petition. See Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (holding that civil commitment for any purpose constitutes significant deprivation of liberty that requires due process protection); Pullen v. State, 802 So.2d 1113 (Fla. 2001) (noting that "individual who faces involuntary commitment to a mental health facility has a liberty interest at stake"). Id. at 1116. But the promise of due process would be hollow if it required merely that the judge search the commitment petition for the requisite allegations.
For these reasons, we conclude that the ex parte probable cause determination prescribed by section 394.915(1) must be supported by sworn proof in the form of a verified petition or affidavit. In the cases before us, the court found probable cause and ordered pretrial detentions without sworn proof. Because the orders violated the detainees' due process rights, they were entitled to have them vacated. The court's refusal to do so departed from the essential requirements of law. See Kirchhoff v. S. Fla. Water Mgmt. Dist., 805 So.2d 848 (Fla. 2d DCA 2001) (holding *464 that trial court in eminent domain quicktake proceeding departed from essential requirements of law by failing to afford landowner procedural due process required by statute).
This may not end the matter, however. A person's complaint that he has been detained without due process becomes mooted by a subsequent proceeding in which he is detained after being afforded due process. See, e.g., S.J. v. State, 596 So.2d 1181, 1182 n. 1 (Fla. 5th DCA 1992) (observing that when juvenile pleaded guilty to delinquency charge the illegality of his prehearing detention became moot); Clark v. Wainwight, 490 So.2d 1055, 1056-57 (Fla. 1st DCA 1986) (holding that inmate who was placed in administrative confinement without required hearing was not entitled to habeas corpus relief because he was later placed in more restrictive close management status after a hearing; thus, grant of petition would not have returned inmate to prison's general population). This principle applies to at least one of the petitioners in these cases. Our record reflects that Van Nguyen was given an adversarial probable cause hearing after his initial detention, and that he is now held pursuant to an order entered as a result of that hearing. Therefore, we dismiss Van Nguyen's petition as moot.
We grant the remaining petitions, vacate the orders denying petitioners' motions to set aside the pretrial detention orders, and direct the release of any petitioner whose detention continues in the absence of an ex parte determination of probable cause based on sworn proof, a determination of probable cause following an adversarial hearing, or a determination that the petitioner is a sexually violent predator following a trial on the merits in the commitment proceeding. See S.J., 596 So.2d at 1182 n. 1.
The petition of Van Nguyen is dismissed as moot. The remaining petitions are granted with the foregoing directions.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.