801 So.2d 168 (2001)
Ralph HAWKER, Carlos Pumarejo and Hershel Meadows, Petitioners,
v.
Warden Lawrence GREER, South Bay Correctional Institution, Respondent.
Nos. 4D01-4578 to 4D01-4580.
District Court of Appeal of Florida, Fourth District.
November 29, 2001.
Carey Haughwout, Public Defender, and Kenneth N. Johnson, Assistant Public Defender, West Palm Beach, for petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, Maria Patullo, Assistant Attorney General, West Palm Beach, and Richard L. Polin, Assistant Attorney General, Miami, for respondent.
PER CURIAM.
We consolidate petitioners' three petitions for writ of habeas corpus through which they seek their immediate release from detention under the Jimmy Ryce Act. See §§ 394.910-.931, Fla. Stat. (2001). The trial court vacated the initial, ex parte probable cause determinations in each case based on Melvin v. State, 804 So.2d 460 (Fla. 2d DCA 2001) (concluding that the Jimmy Ryce Act's ex parte probable cause determination must be supported by sworn proof in the form of a verified petition or affidavit). The state has not sought review of that ruling through its own petition, so the ruling is not before us for review.
Petitioners, however, seek review of the court's decision to allow the state nine days to amend its petition to conform with Melvin's requirements. Petitioners argue that because there is no valid probable cause determination now existing, they are entitled to immediate release. We disagree based on Johnson v. Department of Children and Family Services, 747 So.2d 402, 403 (Fla. 4th DCA 1999), in which this court allowed the state seventy-two hours to file a sufficient multidisciplinary team report when the ex parte probable cause determination had been based on an insufficient report. See also Valdez v. Moore, 745 So.2d 1009, 1011 (Fla. 4th DCA 1999) (allowing a five-day cure time where the state had not held the adversarial preliminary hearing within five days of detention). Also, we find that the nine-day length of the curing periodwhich includes a fourday holiday weekendis not an unreasonable amount of time. We, therefore, deny the petitions.
WARNER, FARMER and HAZOURI, JJ., concur.