NORTHCUTT, Judge.
Isaiah Graham petitions this court for a writ of habeas corpus ordering his immediate release from pretrial detention under the Jimmy Ryce Act. See § 394.910— 394.931, Fla. Stat. (2001). We grant the petition.
Graham is held pending trial in a Ryce Act proceeding based on an ex parte judicial determination that there is probable cause to believe he is a sexually violent predator as defined in the Act. See § 394.915(1). This finding was based solely on unsworn allegations contained in the State’s petition alleging that Graham is a sexually violent predator and seeking to have him committed for long-term control, care, and treatment. Graham moved to strike the probable cause order because it was not based on sworn proof.
In Melvin v. State, 804 So.2d 460, 463 (Fla. 2d DCA 2001), this court held that the ex parte probable cause determination prescribed by section 394.915(1) must be supported by sworn proof in the form of a verified petition or affidavit. We pointed out that a detainee’s objection that he is being detained without due process may be rendered moot by a later proceeding in which he has been detained after being afforded due process. See 804 So.2d at 464.
In the case before us the State attempted to comply with Melvin by filing an amended petition supported by sworn proof. The circuit court held that the amended petition would relate back to the date of the initial unsworn petition and, on that basis alone, denied Graham’s motion to strike. However, permitting a retroactive amendment to the petition did not render Graham’s objection to his detention moot. As interpreted by Melvin, section 394.915(1) permits pretrial detention of a Ryce Act respondent when there has been a judicial determination based on sworn proof that there is probable cause to believe the respondent is a sexually violent predator. At present, Graham is held pursuant to a judicial determination made without sworn proof. Although the State has been permitted to amend its petition to include sworn allegations which might well support a finding that there is probable cause to believe Graham is a sexually violent predator, there has been no judicial determination of such based on the sworn filing.
Accordingly, we grant the petition for writ of habeas corpus and direct the release of Isaiah Graham.
GREEN and DAVIS, JJ., Concur.