826 So.2d 517 (2002)
Jack KEPHART, William Kendall, James H. Toward, Bernardo Garcia, Douglas Alan McCrory, Todd J. Kurz, Anthony Roberts, George Thayer, Keith Parker Bishop, Aaron Bradford, Curtis Jerome Lee, and Leroy Washington, Petitioners,
v.
Kathleen KEARNEY, Secretary, Department of Children and Families, and the State of Florida, Respondents.
Nos. 4D01-5056, 4D02-33 and 4D02-192.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
Diamond R. Litty, Public Defender, and Russell L. Akins, Assistant Public Defender, Fort Pierce, for petitioners Jack Kephart, William Kendall, James H. Toward, Bernardo Garcia, Douglas Alan McCrory, Todd J. Kurz, Anthony Roberts, Keith Parker Bishop, Aaron Bradford, Curtis Jerome Lee and Leroy Washington.
Glenn M. Blake and Juan F. Torres, III, of Blake, Torres & Mildner, P.A., Fort Pierce, for petitioner George Thayer.
Robert A. Butterworth, Attorney General, Tallahassee, Richard L. Polin, Senior Assistant Attorney General, Miami, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, for respondents.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw our prior opinion, and substitute the following opinion in its place.
*518 We have consolidated three separate petitions for writ of habeas corpus filed by similarly situated petitioners.[1] Each petitioner seeks immediate release based on the claim that his pretrial detention in proceedings to commit him as a sexually violent predator[2] is illegal. Petitioners argue that they are being illegally held pursuant to an ex parte probable cause determination based on unsworn, or insufficiently sworn, documents. We agree in essence with their argument, but deny the petitions without prejudice to renew them if the state fails to comply with this court's opinion within seven working days from its issuance.
In Melvin v. State, 804 So.2d 460 (Fla. 2d DCA 2001), the Second District reviewed specific provisions of the Act, and concluded that the ex parte probable cause determination that allows one who has completed his or her prison sentence to be detained while awaiting a civil commitment trial must be supported by sworn proof, either in the form of a verified petition or an affidavit. We agree that the constitution requires sworn proof, see U.S. CONST. amend. IV;[3] Art. I, § 12, Fla. Const.,[4] even though the Act does not expressly require either a verified petition or affidavits.
The Act provides, in pertinent part, that a person convicted of a sexually violent offense, who is scheduled for release from confinement, is to be assessed by a multidisciplinary team of mental health professionals. See § 394.9135(2), Fla. Stat. (2001). The team is to make a written assessment as to whether the person meets the definition of a "sexually violent predator." See § 394.913(3)(e). A person convicted of a sexually violent offense meets the definition if the person "suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence." § 394.912(10)(b). After receiving the team's written assessment and recommendation, the state attorney may petition to have the person involuntarily committed, "stating facts sufficient to support such allegation." § 394.9135(3). Upon the filing of such a petition "the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." Id. If so, the judge must order the person detained pending the trial in the commitment proceeding. Id.; § 394.915(1). An adversarial probable cause hearing will be held following the expiration of the person's incarcerative *519 sentence if the court "determines such hearing is necessary." § 394.915(1).
In each case now under consideration, after the Second District issued Melvin, the assistant state attorney filed an amended petition, identical to the original petition but for the inclusion of a verification by the assistant state attorney. In each case, the verification provided only that the assistant state attorney had read the contents of the petition, knew the contents, and attested that "the same is true and correct to the best of my knowledge and belief."[5] The various trial courts involved in these cases found the amended petitions satisfied the concerns expressed in Melvin and concluded that they had probable cause to continue to detain the petitioners prior to their civil commitment trials.
Petitioners contend the affidavits are insufficient, and we agree. Detention after these individuals have finished serving their sentences is a serious deprivation of liberty, which cannot be allowed without proof in the form of some reliable individual's personal knowledge. Cf. Fla. R.Crim. P. 3.120 (allowing committing magistrate to issue arrest warrant on basis of sworn written complaint stating facts that show violation of criminal law within magistrate's jurisdiction); Fla. R.Crim. P. 3.132(a) (permitting state to file motion for pretrial detention, where facts are set forth and state attorney certifies to receiving testimony under oath supporting grounds and essential facts alleged in motion); § 394.463(2), Fla. Stat. (2001) (requiring ex parte order for involuntary examination under Baker Act to be based on sworn testimony, either written or oral).
We hold that the ex parte probable cause determination must be supported by sworn proof in the form of either an affidavit from, or live testimony by, at least one mental health care professional who has evaluated the individual to be so held.
For those currently being held past their release dates on the basis of proof that does not meet the requirements that we announce in this opinion, such as the petitioners in this case, we conclude it is reasonable to allow the state a period of seven working days in which to present such affidavits or testimony to the circuit court that initially made the ex parte probable cause determination. See Hawker v. Greer, 801 So.2d 168 (Fla. 4th DCA 2001); see generally Johnson v. Dep't of Children & Family Servs., 747 So.2d 402, 403 (Fla. 4th DCA 1999); Valdez v. Moore, 745 So.2d 1009, 1011 (Fla. 4th DCA 1999). We therefore deny the petitions, without prejudice to their being reasserted in the event the state fails to comply in a timely manner with this opinion.
To the extent that Melvin would permit the ex parte probable cause determination to be made on the basis of a verified petition without sworn proof by one who has performed such evaluation, and to the extent that the Melvin court ordered immediate release of those petitioners, where we would allow a seven day "cure" period, we certify conflict with Melvin.
POLEN, C.J., GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] Inadvertently, an order was issued January 22, 2002, that the court would consider this case en banc. This was in error, and on March 8, 2002, we issued an order vacating the en banc order.
[2] Pursuant to the Jimmy Ryce Act (the Act), sections 394.910-.931, Florida Statutes (2001), provides for the involuntary civil commitment of sexually violent predators upon their release from prison or other specified confinement.
[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV (emphasis added).
[4] "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. ..." Art. I, § 12, Fla. Const. (emphasis added).
[5] Such qualification is sufficient only when verification on information or belief is permitted by law. See § 92.525(2), Fla. Stat. (2001); Muss v. Lennar Fla. Partners I, L.P., 673 So.2d 84 (Fla. 4th DCA 1996). There is nothing in sections 394.910-931 which requires any verification, so there is understandably no language permitting an oath in this form.