840 So.2d 322 (2003)
Ramon ALVEREZ, et al., Petitioners,
v.
STATE of Florida, Respondents.
No. 5D01-3560.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
Rehearing Denied March 26, 2003.
*323 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Petitioners.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Respondent.
GRIFFIN, J.
We are presented with a petition from twelve individuals who assert, under the authority of Melvin v. State, 804 So.2d 460 (Fla. 2d DCA 2001), their entitlement to immediate release because neither the original petition for commitment under the Jimmy Ryce Act[1] nor the supporting documents was sworn.[2]
The State's response to the petitions raises several issues. Jurisdiction is questioned.[3] *324 Melvin is criticized, and in all cases, the petitions and reports have been amended to add verifications designed to comply with Melvin.
When the Melvin decision was initially issued, we were dubious that the generally described due process concerns relied upon by the Melvin court compelled verification of these petitions as a matter of constitutional law. The statutory scheme clearly does not require verification. The petition for commitment filed by the state attorney is mainly designed to recite the criminal history of the inmate and the findings of the multi-disciplinary team of health care professionals designated to evaluate the inmate. The statute carefully delineates the professionals who serve on the team, the evaluative process to be followed and the nature of the written assessment and recommendation. Our review of these reports confirms that they mainly consist of professional opinions. That such a civil commitment proceeding could be commenced under the statute by a signed, but unsworn pleading of an assistant state attorney based upon signed, but unsworn, expert opinions of experts, followed by an available probable cause hearing within five days of a request,[4] and a prompt full hearing, did not present to us an obvious defect of constitutional dimension.
More recently, the Fourth District Court of Appeal weighed in on this issue in Kephart v. Kearney, 826 So.2d 517 (Fla. 4th DCA 2002). Agreeing with the Second District that proof of some "reliable individual's personal knowledge" was required, the Fourth District rejected the second District's suggestion that the state attorney could attest to the facts in order to satisfy due process. The Fourth District concluded that at least one of the mental health professionals who had evaluated the detainee would have to execute an affidavit or appear live to testify before the judge. The dissonance between the views of these two courts concerning what is constitutionally required has, if anything, heightened rather than eliminated our doubt that the statutory scheme is constitutionally flawed.
Nevertheless, the petitioners in these cases have presented an argument based on the Florida Constitution which was reflected in the Fourth District's Kephart opinion. The Kephart court held that sworn proof is required based on both the Fourth Amendment to the United States Constitution and Article I, section 12 of the Florida Constitution. Article I, section 12 of the Florida Constitution provides: "No warrant shall be issued except upon probable cause, supported by affidavit...."[5] Obviously, in order for this provision to require a petition to be sworn, the petition must be construed to be an application for a warrant. Section 394.915 makes no mention of a "warrant." Section 394.915(1) provides:

*325 If the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall order that the person remain in custody and be immediately transferred to an appropriate secure facility if the person's incarcerative sentence expires.
Is such an order in a civil case a "warrant"? We have been unable to find much to elucidate this point either directly or by analogy,[6] but we note that in these cases before us, upon making the probable cause determination, the judges of the Seventh Circuit typically issued what they denominated a "warrant" for the inmate's detention under the Act.
Because both of the district courts that have considered this issue have concluded that something must be sworn to in order to commence a Jimmy Ryce commitment proceeding, because the requirement of a document signed under penalty of perjury does not appear to represent an undue burden for the state, and because we conclude that it would be best if this issue were resolved in a uniform manner, we elect to align ourselves with the Second and Fourth District Courts in requiring sworn proof in support of a petition for commitment. Given the language of article I, section 12, we prefer the Fourth District's approach, that the evaluation of at least one of the health care professionals, on whose report the court's "probable cause" decision-making will be based, should be either in affidavit form or verified.
We also agree with the Fourth District that the state should have a reasonable opportunity to correct this defect in any petition. We have seen nothing to suggest either that the petitions or the assessments and recommendations of the health care professionals on the multi-disciplinary teams have been unreliable because of the absence of an oath. We therefore view this as a formal defect that must be corrected but not one that has caused any actual prejudice to inmates whose rights are protected by the requirement of a verified petition. We are, however, concerned that the seven working days allowed by the Fourth District may not be adequate, so we will allow the state to apply to the trial court for more time in any case where justice requires. See Hawker v. Greer, 801 So.2d 168 (Fla. 4th DCA 2001). In all of the cases before us, the petitions and the reports of the multidisciplinary teams have been amended to add an oath after the issuance of the Melvin decision and the amendments appear to us adequate to cure the formal defects. We accordingly deny the petitions.
PETITIONS DENIED.
THOMPSON, C.J., and PALMER, J., concur.
NOTES
[1] §§ 394.910-.931, Fla. Stat. (2001).
[2] We have experienced significant delay in considering these petitions on the merits because counsel for petitioners made the decision not to include in the record on appeal the statutorily required reports of the members of the multi-disciplinary team of mental health professionals on which the commitment decisions were based. This decision was based on privacy concerns. Upon our inquiry, petitioners' counsel were able to say only that the clerks of court had asserted that these documents were confidential, but counsel were unable to identify any public records exemption for these documents. Even at this late date, not all clerks have yet transmitted these documents, but we have concluded the record is sufficient for us to decide the issues presented.
[3] Each alternatively requested writ (habeas corpus, prohibition, certiorari) presents jurisdictional difficulties in some or all of these cases. For one thing, none of the twelve is detained in this district, making habeas corpus problematical. As for prohibition, several have had orders of detainment entered while others, as of the filing date, had not had their motions to dismiss heard. We recognize the argument against certiorari review of orders denying dismissal, but we conclude that either certiorari or prohibition provides a basis for review. Given our ruling, it appears jurisdiction in any given case will not be an issue.
[4] State v. Kobel, 757 So.2d 556 (Fla. 4th DCA 2000).
[5] The Fourth Amendment to the United States Constitution requires a warrant be based "upon probable cause, supported by oath or affirmation."
[6] It does not appear, for example, that a motion for a writ of bodily attachment in a civil case must be sworn.