DAVIS, Judge.
James Randy Demick challenges the trial court order dismissing his petition for writ of habeas corpus filed in response to his civil detention under the Jimmy Ryce Act.[1] We reverse.
In his petition below, Demick argued that the State failed to comply with the various time standards set forth in section 394.9135, Florida Statutes (2003). The trial court dismissed the petition, concluding that Demiek’s arguments did not “fall into the limited category of grounds upon which the Petitioner may file a petition seeking a writ of habeas corpus.”
On appeal, Appellees, the Secretary of the Department of Children and Family Services and the Executive Director of the Florida Civil Commitment Center, properly concede that the trial court erred in *1088 dismissing the petition. See Ennis v. Regier, 869 So.2d 701, 703 (Fla. 2d DCA 2004) (“Ennis’s contention that the State did not comply with the time requirements of the Ryce Act does raise an issue that is properly the subject of a habeas petition.”).
Appellees, however, argue that the trial court was right for the wrong reason because the petition filed below was successive. Based on the record before us, we cannot determine the merits of this argument. Accordingly, we reverse the trial court’s dismissal of Demick’s petition and remand to the trial court with instructions to decide the petition on the merits. Ap-pellees may raise their “successive petition” argument below.
Reversed and remanded.
STRINGER and WALLACE, JJ., Concur.

. §§ 394.910-.931, Fla. Stat. (2003).