CASANUEVA, Judge.
The State of Florida has petitioned for certiorari review[1] of the circuit court’s order releasing James Heath to sexual offender probation rather than confining him pursuant to what is commonly known as the Jimmy Ryce Act.[2] With apparent reservations, the circuit court released Mr. Heath based upon what it considered controlling precedent, the Fourth District’s decision in Johnson v. Department of Children & Family Services, 747 So.2d 402 (Fla. 4th DCA 1999). Johnson, however, is distinguishable from and inapplicable to this case, and the circuit court departed from the essential requirements of law when it released Mr. Heath based upon Johnson rather than following preeminent prescriptions of the Act. Accordingly, we *1259 grant the State’s petition for certiorari and quash the circuit court’s order releasing Mr. Heath from detention.
The State petitioned for Mr. Heath’s commitment pursuant to section 394.910, Florida Statutes (1999), on May 29, 2001. The petition alleged that Mr. Heath had been found guilty of a sexually violent offense for which he was then incarcerated. The petition further alleged that Mr. Heath suffers from a mental abnormality or personality disorder and that he is likely to engage in future acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. See § 394.912(10).
The circuit court issued an ex parte order finding probable cause to detain Mr. Heath on May 30, 2001, and signed a warrant for his custodial detention pursuant to section 394.915. The case was set for trial. However, the progress of Mr. Heath’s case toward trial was diverted by some unrelated litigation, during which time he was held in secure detention.
On March 29, 2004, Mr. Heath filed his motion for release based on a multidisciplinary team’s failure to unanimously agree that Mr. Heath met the criteria for sexually violent predator as defined in the Act.[3] The examining multidisciplinary team’s report indicated that two of the team members determined that Mr. Heath required a personal interview and evaluation. Psychologists Prichard and Rhyne examined Mr. Heath, conducting personal interviews, reviewing records pertinent to Mr. Heath’s criminal sexual behaviors, and administering actuarial instruments. Dr. Prichard determined that Mr. Heath did not meet the sexually violent predator criteria, but Dr. Rhyne contradicted that opinion. Three other team members, Drs. Parker, Heffron, and Stimel, reviewed all of the available information and concluded that Mr. Heath met the definition of a sexually violent predator. Thus, of the five team members, only one dissented from the committee’s recommendation.
On June 4, 2004, the circuit court held a hearing on Mr. Heath’s motion. Although the case appeared ready for trial, the senior circuit judge granted the motion with evident reluctance. Ten days later, when granting Mr. Heath’s motion to vacate the stay that had been entered at the State’s request, the senior judge again expressed his skepticism about the propriety of the action:
This Court has some concern as to whether the opinion in Johnson v. Department of Children and Families [Family], 747 So.2d 402 (Fla. 4th DCA 1999), fits the same factual scenario as is presented in this case. Johnson does not speak of a committee decision where the case at bar does involve the findings of a full committee. However, based on the Johnson opinion I am compelled to grant the motion for release.
The circuit court’s concerns about releasing Mr. Heath based upon Johnson were well founded, as the court was misled into considering Johnson isolated from the context of the controlling Jimmy Ryce Act.
This court recently decided State v. Ortega, 891 So.2d 623 (Fla. 2d DCA 2005), which is similar to Mr. Heath’s case. In both cases the circuit court had made probable cause determinations and the offenders were being held in secure facilities pending trial on the State’s commitment petition. Like Mr. Heath, Mr. Ortega relied on one multidisciplinary team member’s opinion for his contention that he did *1260 not meet the definition of a sexually violent predator. Citing Johnson, the circuit court granted Mr. Ortega’s motion and released him.
On appeal, another panel of this court cogently distinguished the Johnson circumstances from those presented in both the Heath and Ortega cases, the salient fact in which is that only one member disagreed with the multidisciplinary team’s recommendation:
Johnson did not hold that probable cause to support pretrial detention under the Act must be based on the multidisciplinary team’s unanimous opinion that the respondent is a sexually violent predator. Rather, in that ease the purported multidisciplinary team report, the receipt of which in turn authorized the state attorney to file the commitment petition, was made and signed by only one member of the team. As such, the Johnson court held that the report was insufficient. “An evaluation by a multidisciplinary team is, even if not jurisdictional, certainly the predicate used in this case for commencing confinement under the Act. It seems little enough for us to read the statute as requiring that both members of the team join in the assessment.” Johnson, 747 So.2d at 403.
Ortega, 891 So.2d at 625. The Johnson decision does not even refer to a unanimity requirement. Rather, as we explained in Ortega, the “court conditionally granted a petition for writ of habeas corpus because the commitment proceeding had been commenced on the basis of a legally insufficient multidisciplinary team report. In that case the insufficient report, in turn, had formed the primary, if not sole, evi-dentiary basis for the ex parte probable cause determination....” Id.
In contrast, Mr. Heath was examined by two members of the team and his case was reviewed by three others. Only one team member refused to sign the report, which concluded that Mr. Heath met the definition of sexually violent predator. Furthermore, a case on which both Mr. Heath and the circuit court relied, State v. Goode, 830 So.2d 817 (Fla.2002), does not stand for the proposition that the multidisciplinary report should have been unanimous (an issue that was never even addressed in Goode) but rather that courts must scrupulously adhere to the procedures set out in the Act.
As in Ortega, the circuit court’s decision is not grounded in the Act’s specific requirements. The statute requires only that the circuit court make a probable cause determination, based upon sworn proof, after the State files its petition. See § 394.915; see also Melvin v. State, 804 So.2d 460, 464 (Fla. 2d DCA 2001); Alverez v. State, 840 So.2d 322 (Fla. 5th DCA 2003). “But neither the statute nor case law specifies that the proof must come only from the multidisciplinary team and that the team members must be unanimous in their opinions.” Ortega, 891 So.2d at 626. No statute or case mandates Mr. Heath’s release based on the less than unanimous decision of the multidisciplinary team that he meets the violent sexual predator definition.
Accordingly, we grant the State’s petition for certiorari and quash the circuit court’s order releasing Mr. Heath.
STRINGER, J., and DANAHY, PAUL W., Senior Judge, Concur.

. The State originally filed a nonfinal appeal, which this court converted to a petition for writ of certiorari. See Krischer v. Ford, 847 So.2d 1050, 1051 (Fla. 4th DCA 2003) (holding that the appellate court lacks appeal jurisdiction over orders of release but that the State may seek review by petition for certiorari).

. §§ 394.910-931, Fla. Stat. (1999) (titled "Involuntary Civil Commitment of Sexually Violent Predators”).

. Section 394.913(3)(b) requires a multidisciplinary team made up of at least two licensed psychiatrists or psychologists to assess and evaluate Florida prison inmates serving sentences for sexually violent crimes.