704 So.2d 1127 (1998)
Michelle BROMPTON, a minor, By and Through her parents and natural guardians, Wendi BROMPTON and Roger Brompton; and Wendi Brompton and Roger Brompton, individually, Petitioners,
v.
Celina POY-WING, M.D., Respondent.
No. 97-3196.
District Court of Appeal of Florida, Fourth District.
January 21, 1998.
*1128 Paul J. Lane and Jonathan M. Pavsner of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for Petitioners.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for Respondents Celina Poy-Wing, M.D. and All Women's Ob/Gyn Group, P.A.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for Parties In Interest Linda D. Green, M.D., and Carol McKenzie, M.D.
Linda R. Spaulding of Conrad, Scherer & Jenne, Fort Lauderdale, for Party In Interest North Broward Hospital District.
STEVENSON, Judge.
In this medical malpractice case, we have for review an order of the trial court granting the defendants' motion to preclude the plaintiff's attorney from attending a court ordered neuropsychological examination of the plaintiff, a minor. Finding that the trial court's ruling is a departure from the essential requirements of law, we grant plaintiff's petition for writ of certiorari and quash the order below.
Florida Rule of Civil Procedure 1.360(a)(3) gives the trial court discretion to establish rules for the protection of the examinee and to maintain the integrity of the particular examination process during a court ordered independent medical exam (IME). The general rule, however, is that:
[A]bsent any valid reason to prohibit the presence of a patient's counsel or other representative, their presence should be allowed. The burden of proof rests with the party opposing third party attendance to show why the court should deny the examinee's right to have counsel, a physician or other representative present.
Bartell v. McCarrick, 498 So.2d 1378, 1379 (Fla. 4th DCA 1986); accord Broyles v. Reilly, 695 So.2d 832, 834 (Fla. 2d DCA 1997).
During the proceedings below, defendants Celina Poy-Wing, M.D., and All Women's OB/GYN Group, P.A., filed a motion seeking to prevent the attorney of the plaintiff, who is a minor child, from attending a court ordered medical exam. The motion set forth two grounds: (1) that during another IME, in an unrelated case, the plaintiff's attorneys had interfered with the exam and (2) that the presence of any third party would interfere with the exam. Although the trial judge granted the defendants' motion, a review of the transcript indicates that he relied upon neither ground. With regard to the first ground, during the course of the proceedings, the trial judge praised plaintiff's counsel and specifically indicated that he did not believe that plaintiff's attorney would engage in disruptive behavior during the exam.
Moreover, it is equally clear from the transcript that the trial judge did not base his decision on the affidavit of Dr. Feldman, who asserted the presence of any third party was contraindicated and would interfere with the methodology. This is so because the trial judge clearly stated that he would allow the court reporter to attend.[1] However, even if the trial court had based its ruling on Dr. Feldman's affidavit alleging that the presence of any third party would be contraindicated, it would have been in error since affidavits opposing the presence of third parties should contain case-specific justifications for such conclusion. See Broyles, 695 So.2d at 834 (citing Wilkins v. Palumbo, 617 So.2d 850 (Fla. 2d DCA 1993)). Dr. Feldman's affidavit merely indicated that the "detailed neuropsychological examination" that he would conduct required that a "strict methodology be adhered to" and that the presence of any third person would be "contraindicated" and would more than likely render the examination results "invalid." This conclusory, general allegation that the presence of a third party would render the *1129 examination "invalid" was insufficient to overcome the plaintiff's right to have counsel present. Of import, there was no factual basis concerning what the "methodology" was, what the examination itself would entail and why the mere presence of a non-interfering third party would render the examination invalid.
From the record, we must conclude that the trial judge elected to exclude plaintiff's counsel from the exam based on his general belief that such attendance was simply not appropriate. In making his ruling, the trial judge stated:
But here is my main thing. I don't want to get into a situationI have seventeen hundred cases. A good portion of them are medical malpractice actions. A good portion of these involve the exam of minors and some even in the psychiatric, psychological, neurological fields, both adults and otherwise.
I would have had no compunction with regard to the appearance of a court reporter under these circumstances and I think that would be apropos.
I do, howeverand I have issued my ruling for that reason. I do feel that it would not be proper for the attorney to be present....

I don't believe that it ought to be ordered by this court, nor condoned, nor that a practice should be made of doing that either by indirect statements made by attorneys concerning what took place at this or that examination. I think it ought to be conducted by the doctor without interference from anybody. (emphasis added).
Because this is not a proper ground upon which to exclude plaintiff's counsel from the exam, we reverse. Our grant of certiorari, in this case, is without prejudice to respondents obtaining a more case-specific affidavit or other evidence to support the exclusion of third parties other than the court reporter from the medical examination.
GLICKSTEIN and GROSS, JJ., concur.
NOTES
[1] Further, the defense did not object to the mother being present at the examination to "protect the child's interests."