932 So.2d 1086 (2006)
Jack KEPHART, et al., Petitioners,
v.
Lucy D. HADI, etc., et al., Respondents.
Lucy D. Hadi, etc., et al., Petitioners,
v.
Jack Kephart, et al., Respondents.
Nos. SC02-936, SC02-2280.
Supreme Court of Florida.
June 8, 2006.
*1088 Diamond R. Litty, Public Defender and Russell L. Akins, Assistant Public Defender, Nineteenth Judicial Circuit, Fort Pierce, FL and Juan F. Torres, III of Blake, Torres and Mildner, P.A., Fort Pierce, FL, for Petitioners/Respondents.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL and Richard L. Polin, Senior Assistant Attorney General, Miami, FL, for Respondents/Petitioners.

REVISED OPINION
QUINCE, J.
We have for review the decision of the Fourth District Court of Appeal in Kephart v. Kearney, 826 So.2d 517 (Fla. 4th DCA 2002), which certified conflict with the Second District Court of Appeal's decision in Melvin v. State, 804 So.2d 460 (Fla. 2d DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons which follow below, we quash the decision of the Fourth District and hold that the probable cause petitions for Jimmy Ryce cases do not have to be supported by an affidavit or live testimony.

FACTS AND PROCEDURAL BACKGROUND
At various times in 1999, 2000, and 2001, the State filed petitions seeking the involuntary civil commitment, pursuant to the Jimmy Ryce Act[1] (the Act), of Jack Kephart and eleven others (petitioners) as sexually violent predators. In each case, the initial commitment petitions were signed by an assistant state attorney without any oath, verification, or affidavits from psychologists or other parties. However, after the Second District issued its opinion in Melvin,[2] the assistant state attorney in each case filed an amended petition. The amended petitions were identical to the original, except for the inclusion of a verification by the assistant state attorney. The verification provided: "I [name of assistant state attorney signing petition], Assistant State Attorney in and for the 19th Judicial Circuit of Florida, hereby certify that I have read the foregoing petition and know the contents thereof and attest that the same is true and correct to the best of my knowledge." The assistant state attorney's signature was notarized. The various *1089 trial courts concluded that the amended petitions satisfied Melvin and found that there was probable cause to continue petitioners' detention prior to their civil commitment trials.
Petitioners filed three separate petitions for a writ of habeas corpus in the Fourth District.[3] Petitioners argued that they were being illegally detained pursuant to an ex parte probable cause determination based on insufficiently sworn documents. The Fourth District agreed and held "that the ex parte probable cause determination must be supported by sworn proof in the form of either an affidavit from, or live testimony by, at least one mental health care professional who has examined and evaluated the individual to be so held." Kephart, 826 So.2d at 519. The Fourth District further held that "it is reasonable to allow the state a period of seven working days in which to present such affidavits or testimony to the circuit court that initially made the ex parte probable cause determination." Id. The Fourth District denied the petitions, without prejudice. Additionally, the Fourth District certified conflict with the Second District:
To the extent that Melvin would permit the ex parte probable cause determination to be made on the basis of a verified petition without sworn proof by one who has performed such evaluation, and to the extent that the Melvin court ordered the immediate release of those petitioners, where we would allow a seven day "cure" period, we certify conflict with Melvin.

Id. Petitioners and the State now seek review of the Fourth District's decision.

LAW AND ANALYSIS
The case presents this Court with two issues: (1) whether the Act requires the probable cause petition to be supported by sworn proof in the form of an affidavit or live testimony by a mental professional who has evaluated the individual, and (2) whether the Act can be construed to give the State a seven-day period in which to cure defects in the probable cause petition. The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000); Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 670 (Fla.1993), aff'd in part, rev'd in part on other grounds, 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994).

Probable Cause Petition
As an initial matter, this Court must first consider whether the Act requires a probable cause petition to be supported by sworn proof. The Second District concluded that the "ex parte probable cause determination prescribed by section 394.915(1) must be supported by sworn proof in the form of a verified petition or affidavit." See Melvin, 804 So.2d at 463. The Second District noted "that the Act does not state whether a petition initiating a commitment proceeding must be sworn, nor does it identify the basis on which the court is to make its initial probable cause determination." Melvin, 804 So.2d at 463. Despite the Act's failure to require a sworn petition, the Second District concluded sworn proof was necessary. The Second District reasoned:
For at least two reasons, we conclude this determination must be founded on sworn proof. First, determining whether there is probable cause to believe something requires a consideration of factual circumstances and the making of mixed conclusions of law and fact. Absent the parties' stipulations, courts may *1090 only find facts based on sworn evidence; mere unsworn allegations are insufficient to prove any fact. Blimpie Capital Venture, Inc. v. Palms Plaza Partners Ltd., 636 So.2d 838 (Fla. 2d DCA 1994); State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991). It is plain to see, then, that by charging the court with a duty to determine the existence of probable cause, the legislature necessarily contemplated that the court would receive sworn proof.
Second, it is apparent that the legislature prescribed the early ex parte judicial probable cause determination in order to furnish the alleged predator due process before depriving him of his liberty pending trial on the merits of the commitment petition. See Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (holding that civil commitment for any purpose constitutes significant deprivation of liberty that requires due process protection); Pullen v. State, 802 So.2d 1113 (Fla.2001) (noting that "individual who faces involuntary commitment to a mental health facility has a liberty interest at stake"). Id. at 1116. But the promise of due process would be hollow if it required merely that the judge search the commitment petition for the requisite allegations.
Id. at 463. In the instant cases, the Fourth District was faced with identical factual scenarios and agreed with the Second District on this point and held that sworn proof was needed to support an ex parte probable cause determination. See Kephart, 826 So.2d at 519. The Fourth District, however, contrary to the conclusion reached by the Second District, further concluded that the affidavits provided by the assistant state attorneys were inadequate because "[d]etention after these individuals have finished serving their sentences is a serious deprivation of liberty, which cannot be allowed without proof in the form of some reliable individual's personal knowledge." Id.
We agree with both the Second and the Fourth Districts' determinations that due process requires that a probable cause petition filed pursuant to section 394.914 be supported by sworn proof.[4] As we said in State v. Goode, 830 So.2d 817, 825-26 (Fla.2002), "[c]ivil commitment proceedings involve a serious deprivation of liberty and, thus, such proceedings must comply with the due process clauses of the Florida and United States Constitutions." We have also recognized that confinement under the Act implicates an individual's liberty interest in being free from physical restraint. See Westerheide v. State, 831 So.2d 93, 104 (Fla.2002). When such fundamental liberty interests are at stake, the State at a minimum must be required to swear to the allegations made before the trial judge. This is especially true when the appearance before the trial judge is ex parte.
However, we disagree with the Fourth District's further conclusion that the sworn proof filed with the petition must be provided in "either an affidavit from, or live testimony by, at least one mental health care professional who has examined and evaluated the individual to be so held." Kephart, 826 So.2d at 519. The Fourth District's conclusion fails to acknowledge that the Act delegates the responsibility of filing the probable cause petition to the *1091 state attorney. Section 394.914 specifically provides: "Following receipt of the written assessment and recommendation from the multidisciplinary team, the state attorney, in accordance with s. 394.913, may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation." § 394.914, Fla. Stat. (2001) (emphasis added).
In interpreting a statute, this Court looks primarily at the plain meaning of the statute to determine the legislative intent. "If the language of a statute is clear and unambiguous, the legislative intent must be derived from the words used without involving rules of construction or speculating as to what the legislature intended." Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993); see also Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla.1992); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982). Section 394.914 clearly states that the state attorney should file the probable cause petition. Since the Legislature has given the state attorney this duty, we conclude that the Legislature intended for the state attorney to swear to the facts contained in the petition.
The probable cause petition under the Act is similar to an application for an arrest warrant. In order to obtain a warrant for an arrest, a law enforcement officer must present a written affidavit or sworn complaint to the committing magistrate demonstrating probable cause to believe that the accused has violated the criminal law of the State. See Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Fla. R.Crim. P. 3.120. Rule 3.120 conforms to the Fourth Amendment requirement that probable cause be supported by "oath or affirmation" and to the procedural requirements discussed in Gerstein v. Pugh.[5]See art. I, § 12, Fla. Const. The complaint or affidavit that is presented to the committing magistrate must contain sufficient information to support the magistrate's independent determination on probable cause. In other words,
[t]he basis for a finding of probable cause must appear on the face of the complaint. A complaint which states as a mere conclusion that the accused has committed a specific crime, without alleging that the affiant speaks from personal knowledge, indicating any sources for his or her belief, or setting forth any other sufficient basis on which a finding of probable cause could be made, is an insufficient basis for the issuance of an arrest warrant, since it does not permit the magistrate to make any independent assessment of the probability that the accused committed the crime charged.
5 Am.Jur.2d Arrest § 20 (1995); accord Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).
In the warrant context, courts have allowed the probable cause to be supplied by a sworn complaint or by affidavit. Either may be based on the personal knowledge of the complainant or affiant but can also be based on information received from others, e.g., fellow officers or confidential informants. See Johnson v. State, 660 So.2d 648, 654 (Fla.1995) (finding "the obligation to establish probable cause in an affidavit may be met by hearsay, by fleeting observations, or by tips received from *1092 unnamed reliable informants whose identities often may not lawfully be disclosed"). Thus, the person who supplies the information to the officer need not, but may, execute an affidavit or appear before the magistrate in support of the issuance of the arrest warrant. The warrant may be issued based simply on the sworn complaint or affidavit of the officer if sufficient facts are alleged to demonstrate probable cause. Id. at 654-55.
Just as the arrest warrant is the State's authority to compel a defendant to answer to criminal charges lodged against him or her, the petition provided for in section 394.914 and the trial court's determination of probable cause based on that petition give the State the authority to hold a soon-to-be-released prisoner beyond the expiration of his or her sentence and to require him or her to answer to the allegations of being a sexual predator. The procedures outlined by both statutes and rules for issuance of an arrest warrant and by statute for consideration of probable cause to detain pursuant to the Act are analogous and must be interpreted in a like manner.
As the State points out, whoever signs the probable cause petition or an affidavit in a proceeding brought under the Act is essentially in the same position as an officer preparing an affidavit for an arrest warrant. Both the prosecutor and the psychologists rely on sources of information furnished by others. See § 394.913(2)(a)-(e), Fla. Stat. (2002) (stating that the multidisciplinary team will be provided with the person's criminal history, including police reports, victim statements, presentence investigation reports, mental health records, and any other documents containing reports of the person's criminal history). Additionally, section 394.9155 permits hearsay evidence to be used in proceedings brought under the Act. Section 394.9155 provides in pertinent part:
Hearsay evidence, including reports of a member of the multidisciplinary team or reports produced on behalf of the multidisciplinary team, is admissible in proceedings under this part unless the court finds that such evidence is not reliable. In a trial, however, hearsay evidence may not be used as the sole basis for committing a person under this part.
§ 394.9155(5), Fla. Stat. (2002). Since the Act permits the state attorney to file a petition based upon the recommendation of the multidisciplinary team (a recommendation which may itself rely upon hearsay evidence), we find that the sworn proof for the probable cause petition may be supplied by the prosecutor by swearing to the allegations in the petition or by affidavit attached to the petition from one or more of the mental health professionals.

Cure Period
The second issue before this Court is whether the Act gives the State a seven-day period in which to cure defects in the probable cause petition. The Fourth District concluded that "it is reasonable to allow the state a period of seven working days in which to present such affidavits or testimony to the circuit court that initially made the ex parte probable cause determination." Kephart, 826 So.2d at 519. We disagree.
As enacted, the Act provides numerous safeguards to ensure that a prisoner's due process rights are protected. For example, section 394.913(1)(a) requires the Department of Corrections to give written notice of an inmate's proposed release date to the multidisciplinary team and to the state attorney of the circuit where the prisoner was last convicted of a sexually violent offense at least 545 days prior to *1093 the prisoner's anticipated release from custody. § 394.913(1)(a), Fla. Stat. (2002). The multidisciplinary team then has 180 days after receipt of the notice to assess whether the person meets the definition of a sexually violent predator who should be subject to commitment and to provide the state attorney with its written assessment and recommendation. § 394.913(3)(e), Fla. Stat. (2002). In the event that a person's anticipated release becomes immediate, the agency with jurisdiction must transfer the individual to the Department of Children and Families and within seventy-two hours of transfer, the multidisciplinary team shall assess the person. § 394.9135(2), Fla. Stat. (2002). Finally, the trial court is required to conduct a trial within thirty days of a probable cause determination. § 394.916(1), Fla. Stat. (2002).
The confinement of an individual past the expiration of his or her incarcerative sentence requires "scrupulous compliance" with the Act's requirements. See, e.g., State v. Goode, 830 So.2d 817, 826 (Fla.2002). In Westerheide, this Court found that confinement under the Act did not violate an individual's right to due process "provided that `the confinement takes place pursuant to proper procedures and evidentiary standards.'" 831 So.2d at 104 (quoting Kansas v. Hendricks, 521 U.S. 346, 357, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)). Accordingly, serious due process concerns are implicated when the State attempts to amend a probable cause petition and the filing of the petition causes an individual to remain incarcerated beyond his or her sentence.[6]
Therefore, we hold that if the State files a probable cause petition which is not sworn to or accompanied by an affidavit, the State is not granted a cure period. Instead, in cases where a prisoner is detained beyond the expiration of his or her sentence, the trial court must hold the hearing delineated in section 394.915(2)-(3) within twenty-four hours from the filing of the probable cause petition.[7] A person who is arrested is taken before a judicial officer within twenty-four hours of his arrest pursuant to Florida Rule of Criminal Procedure 3.130. Accordingly, we believe that a person detained beyond the expiration of his sentence pursuant to the Jimmy Ryce Act should have at least as much protection. The twenty-four-hour requirement, however, is not retroactive. This requirement is to be applied prospectively only. Therefore, the twenty-four hour requirement is applicable only to those cases arising after the effective date of this opinion. See, e.g., Fenelon v. State, 594 So.2d 292 (Fla.1992) (holding that courts may not comment on evidence by giving the flight instruction, but also holding the decision should be applied prospectively). Thus, the twenty-four-hour requirement announced today is not applicable to those currently being held past their release *1094 date on the basis of proof that does not meet the requirements set forth in this opinion, including the petitioners in this case and any other person similarly situated. Thus, for all presently pending cases the State shall have seven days to cure the deficiency.
The Jimmy Ryce Act provides a procedure for a probable cause determination by the trial court. Section 394.915(2)-(3) provides:
(2) Upon the expiration of the incarcerative sentence and before the release from custody of a person whom the multidisciplinary team recommends for civil commitment, but after the state attorney files a petition under s. 394.914, the court may conduct an adversarial probable cause hearing if it determines such hearing is necessary. The court shall only consider whether to have an adversarial probable cause hearing in cases where the failure to begin a trial is not the result of any delay caused by the respondent. The person shall be provided with notice of, and an opportunity to appear in person at, an adversarial hearing. At this hearing, the judge shall:
(a) Receive evidence and hear argument from the person and the state attorney; and
(b) Determine whether probable cause exists to believe that the person is a sexually violent predator.
(3) At the adversarial probable cause hearing, the person has the right to:
(a) Be represented by counsel;
(b) Present evidence;
(c) Cross-examine any witnesses who testify against the person; and
(d) View and copy all petitions and reports in the court file.
§ 394.915(2)-(3), Fla. Stat. (2002). This procedure, as we stated in Goode, "was apparently intended by the Legislature to be a fallback procedure for persons who were entitled to release from prison but still had not been brought to trial under the commitment petition." 830 So.2d at 827. Because the adversarial probable cause hearing provides the person with more rights than the ex parte probable cause determination, we find that this procedure adequately protects the constitutional rights of an individual who is about to be released from custody when the State files a probable cause petition without the required affidavit.

CONCLUSION
We conclude, as did the Second District in Melvin and the Fourth District in Kephart, that the Act requires the probable cause petition to be supported by sworn proof. However, we disapprove the Fourth District's opinion in Kephart to the extent that Kephart requires a mental health professional to provide the sworn proof accompanying the petition. We hold that a probable cause petition accompanied by an affidavit similar to that found in an arrest warrant is sufficient under the Act. This construction is consistent with the Legislature's delineation of the state attorney's duties in the Act. Finally, we hold that if the State files a probable cause petition without the necessary affidavit, the trial court must hold a probable cause hearing within twenty-four hours from the filing of the petition. Accordingly, for the reasons stated in this opinion, we quash the opinion of the Fourth District in Kephart to the extent that it is inconsistent with this opinion and approve the Second District's opinion in Melvin.
It is so ordered.
PARIENTE, C.J., and ANSTEAD and LEWIS, JJ., concur.
*1095 CANTERO, J., specially concurs with an opinion, in which WELLS and BELL, JJ., concur.
CANTERO, J., specially concurring.
Although I concur with the majority, I believe the majority opinion can be interpreted in a way that would, in my view, sweep too broadly. I certainly agree that in a probable cause petition filed under the Ryce Act, "[w]hen ... fundamental liberty interests are at stake, the State at a minimum must be required to swear to the allegations made before the trial judge." Majority op. at 1090. However, sometimes fundamental liberty interests are not at stake. As the majority notes, due process concerns are implicated when "the filing of the petition causes an individual to remain incarcerated beyond his or her sentence." Majority op. at 1093. But the majority does not mention that conversely, when the filing of the petition will not cause an individual to remain incarcerated after the sentence expires, due process concerns are not implicated. As we noted in an earlier case, "if the State followed the time periods established in the Ryce Act, the commitment trial would take place well in advance of the [offender's] date of release from prison and the due process concerns of commitment beyond imprisonment would be substantially alleviated." State v. Goode, 830 So.2d 817, 826 (Fla.2002).
I would clarify that due process does not require a probable cause petition to be sworn unless it represents the difference between freedom and confinement, as it did here. In practice, this may be a small distinction, but it is constitutionally significant. To explain the distinction, I first discuss the timing of the civil commitment process delineated in the Ryce Act. I then analyze whether either the statute itself or due process concerns require that, in some or all situations, a petition for civil commitment be sworn.

A. Timing of the Civil Commitment Process
The Ryce Act imposes specific deadlines for the events leading up to civil commitment. To initiate a commitment, the agency with jurisdiction over an alleged sexually violent offender must give written notice to a multidisciplinary team of mental health professionals of the offender's anticipated release date, with a copy to the appropriate state attorney. § 394.913(1), Fla. Stat. (2002). The notice must be given "at least 545 days prior to the anticipated release from total confinement" of the offender. § 394.913(1)(a), Fla. Stat. (2002).[8] The team then has 180 days to "assess and evaluate" the offender and recommend to the state attorney whether the offender is a sexually violent predator. § 394.913(3)(b), (e), Fla. Stat. (2002). At that point, if all of the above procedures have been followed[9] and the offender's release date has not been accelerated,[10] no less than 365 days of the offender's sentence should remain.
After receiving the team's written report and recommendation, the state attorney may file a probable cause petition in the *1096 circuit court. § 394.914, Fla. Stat. (2002). The court must then determine whether probable cause exists that the offender is a sexually violent predator who qualifies for civil commitment. If the offender's sentence has not yet expired, the probable cause determination is made ex parte. § 394.915(1), Fla. Stat. (2002). However, if the offender's sentence expires or has already expired, the court must determine whether to hold an adversarial probable cause hearing with evidence, witnesses, and representation by counsel. § 394.915(2), Fla. Stat. (2002); see also Goode, 830 So.2d at 827 (stating that "this secondary probable cause determination was apparently intended by the Legislature to be a fallback procedure for persons who were entitled to release from prison but still had not been brought to trial"). After determining probable cause by either method, the circuit court has thirty days to conduct a trial. § 394.916, Fla. Stat. (2002).
To summarize, the Ryce Act's timeline provides for the state attorney to receive a recommendation regarding civil commitment at least one year before a sexual offender is scheduled for release. The state attorney then has the discretion to file a probable cause petition. If a petition is filed, the court must hold a trial within thirty days of its probable cause determination, which ideally will be months before the offender's scheduled release. This timeline can be extended, however, if the state attorney delays filing the petition or the circuit court continues the trial. See Goode, 830 So.2d at 830 (holding that the thirty-day time limit between the probable cause determination and trial is "mandatory, although not jurisdictional"). Because of such delays, an offender can be detained beyond the expiration of the sentence solely on the basis of an ex parte probable cause determination.

B. The Probable Cause Petition
The primary question in this case is whether a probable cause petition filed under the Ryce Act must be supported by sworn proof. There are two possible sources for such a requirement: (1) the Ryce Act itself, or (2) the Due Process Clause of the federal or Florida constitutions. The majority concludes that sworn proof is required, but does not pinpoint the source of this requirement.[11] The majority does state that "due process requires that a probable cause petition filed pursuant to section 394.914 be supported by sworn proof." Majority op. at 1090. Later in the opinion, however, the majority asserts that "the Legislature intended for the state attorney to swear to the facts contained in the petition," majority op. at 1091 (emphasis added), and that "the Act requires the probable cause petition to be supported by sworn proof." Majority op. at 1094 (emphasis added). In an effort to resolve this ambiguity, I will separate my *1097 statutory analysis from my constitutional analysis.

1. The Statute
We have repeatedly recognized that "the intent of the Legislature must guide our [statutory] analysis, and that intent must be determined primarily from the language of the statute." Hale v. State, 891 So.2d 517, 521 (Fla.2004) (citing Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470, 471 (Fla.1995)). I see no evidence in the language of the Ryce Act that the Legislature intended for probable cause petitions to be sworn. The relevant provision states that the state attorney "may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegations." § 394.914, Fla. Stat. (2002). The provision is silent about whether the state attorney must swear to those facts. This silence strongly indicates that the Legislature did not intend to require the probable cause petition to be sworn. Cf. Exceletech, Inc. v. Williams, 597 So.2d 275, 276 (Fla.1992) ("[W]e find no requirement in the rules that the [interpleader] petition must be sworn to, and, if this is to be a requirement, it should be expressly set forth in the rules of civil procedure."). When the Legislature has wanted to require a sworn petition, it has said so. See, e.g., § 194.011(3)(a), Fla. Stat. (2004) ("Such petition shall be sworn to by the petitioner."); § 617.2006(3), Fla. Stat. (2004) ("[T]he articles of incorporation shall be accompanied by a petition, signed and sworn to by the subscribers...."); § 741.30(3)(a), Fla. Stat. (2004) ("The sworn petition shall allege the existence of such domestic violence...."); § 812.061(1), Fla. Stat. (2004) ("Such petition shall be under oath, sworn to by the petitioner....").
The Legislature may have decided not to require sworn petitions because other provisions in the Ryce Act seemed to address any due process concerns. As we explained in Goode, "the Legislature intended that ordinarily the review process of potential sexual predators would be concluded while the person was still in prison." 830 So.2d at 825. Under this framework, the petition ordinarily would not affect the length of the detention, thus reducing or eliminating the need for sworn proof. The Legislature did recognize that, in some cases, extra detention would be required. But rather than requiring a sworn petition to protect against improper detention, the Legislature provided for an adversarial probable cause hearing as a "fallback procedure" in such cases. Goode, 830 So.2d at 827; see § 394.915(2), Fla. Stat. (2002) ("Upon the expiration of the incarcerative sentence and before the release from custody ..., but after the state attorney files a [probable cause] petition under s. 394.914, the court may conduct an adversarial probable cause hearing if it determines such hearing is necessary.").
Nothing in the Ryce Act itself requires probable cause petitions to be sworn. Therefore, any such requirement must derive from due process principles. I read the majority opinion as reaching this same conclusion. See majority op. at 1090 ("[D]ue process requires that a probable cause petition filed pursuant to section 394.914 be supported by sworn proof."). Due process analysis would be superfluous if the statute itself required a sworn petition.
I now analyze whether and under what circumstances due process principles require a petition to be sworn.

2. The Due Process Clause
Whether due process requires probable cause petitions to be sworn is obviously a separate question from whether the statute includes such a requirement. See, e.g., *1098 Hollywood Jaycees v. State, 306 So.2d 109, 112 (Fla.1974) ("Even though the statute is silent as to due process requisites, they are constitutionally implied."). The majority concludes that "[w]hen ... fundamental liberty interests are at stake, the State at a minimum must be required to swear to the allegations made before the judge." Majority op. at 1090. I agree. What the majority does not mention, though, and what I wish to clarify, is that fundamental liberty will not always be at stake.
Not every probable cause petition filed under the Ryce Act represents the difference between freedom and confinement. In fact, as I explained above, the Act is specifically designed so that the probable cause petition will be filed long before the offender's anticipated release date, leaving enough time to hold the civil commitment trial during the offender's sentence. When this timeline is followed, the probable cause petition does not place "fundamental liberty interests at stake." Majority op. at 1090. In such circumstances, the petition has no effect whatsoever on the length of detention. I recognize that, unfortunately, the timeline is often not followed.[12] This fact, however, does not change the analysis.
The United States Supreme Court has explained that "`[d]ue process' ... is not a technical conception with a fixed content unrelated to time." Cafeteria & Rest. Workers Union, Local 473 v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). When more is at stake, more procedural protection is due. When less is at stake, less protection is due. Compare Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (requiring an evidentiary hearing before termination of welfare benefits) with Mathews v. Eldridge, 424 U.S. 319, 341, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (not requiring an evidentiary hearing before termination of Social Security disability benefits, in part because "[t]he potential deprivation here is generally likely to be less than in Goldberg"). "The fundamental requirement of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333, 96 S.Ct. 893 (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).
The issue of timing is significant in determining the due process rights of individuals detained in anticipation of civil commitment trials. Some are detained during their sentences; others beyond them. The difference is constitutionally crucial. As the majority recognizes, when someone is being detained after a criminal sentence expires, the detainee's "fundamental liberty interests are at stake." Due process requires some determination of probable cause for such a detention. A sworn petition is a minimum requirement.
But the inverse is also true: procedural concerns are less compelling when the individual would remain incarcerated even without the filing of a probable cause petition. See Goode, 830 So.2d at 826. In such circumstances, the detainee's freedom does not hang in the balance.
*1099 A rigorous due process analysis must treat these different circumstances differently. It may be true that, as a practical matter, the offender's sentence almost always has expired, or will be expiring soon, by the time the state attorney files the petition. Nevertheless, our constitutional holding should not extend beyond the circumstances that raise constitutional concerns.
This case clearly involves fundamental liberty interests. The petitioners were detained beyond the expiration of their sentences based solely on ex parte probable cause determinations. See Kephart v. Kearney, 826 So.2d 517, 518 (Fla. 4th DCA 2002) (stating that each petitioner was seeking "immediate release"). The same was true in the case with which conflict was certified, where the probable cause petition was filed "[o]n the day [the offender] was scheduled to be released." Melvin v. State, 804 So.2d 460, 462 (Fla. 2d DCA 2001). Both courts emphasized that, but for the ex parte probable cause determinations, the offenders already would have been released from custody. See Kephart, 826 So.2d at 519; Melvin, 804 So.2d at 463.
The majority understandably focuses on this post-sentence posture. See majority op. at 1092 (referring to cases where the State "hold[s] a soon-to-be-released prisoner beyond the expiration of his or her sentence"); id. at 1093 (referring to "cases where a prisoner is detained beyond the expiration of his or her sentence"). However, some of the statements in the majority opinion seem to reach beyond these facts and perhaps even beyond the post-sentence context. For example, the majority states without exception that "the Act requires the probable cause petition to be supported by sworn proof." Majority op. at 1094. Elsewhere, the majority broadly states that "due process requires that a probable cause petition filed pursuant to section 394.914 be supported by sworn proof." Majority op. at 1090.
I do not agree that due process always requires a probable cause petition to be sworn. Due process requires a sworn petition only when the petition itself will result in confinement beyond the prescribed sentence. See majority op. at 1093 ("[S]erious due process concerns are implicated when ... the filing of the petition causes an individual to remain incarcerated beyond his or her sentence."). Due process protections are triggered when the government deprives an individual of "life, liberty, or property." Art. I, § 9, Fla. Const.; amend. XIV, U.S. Const. A petition filed while the offender is serving a criminal sentence, and which will not itself extend the sentence, causes no loss of liberty. At that point, the filing of a petition is just another procedural step toward a civil commitment trial. The trial itself will provide the required due process. As long as the offender's prison sentence has not yet expired and will not expire before that trial, I would hold that the circuit court constitutionally may determine probable cause ex parte based on an unsworn petition, and may proceed to trial.
I recognize that this distinction may be of limited practical value. If state attorneys are required to file a sworn petition some of the time, they may decide to file sworn petitions all of the time to avoid possible problems with sentences about to expire. Nevertheless, I believe it important to be analytically rigorous when determining what is constitutionally required, as opposed to what is merely desirable.
For these reasons, I would hold that due process requires a petition for civil commitment to be sworn only when filing the petition will result in the offender's confinement *1100 beyond the expiration of a criminal sentence, as happened in this case.
WELLS and BELL, JJ., concur.
NOTES
[1] The Jimmy Ryce Act, sections 394.910-.931, Florida Statutes (2001), provides for the involuntary civil commitment of sexually violent predators upon their release from prison or other confinement.
[2] In Melvin, the Second District held that the State's petitions for involuntary civil commitment violated the defendants' due process rights because they were issued without sworn proof of probable cause.
[3] The Fourth District consolidated the three separate petitions.
[4] The Constitution protects the right to substantive and procedural due process. Substantive due process protects fundamental rights from unwarranted encroachment from the government. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991). In cases where substantive due process rights are at issue, procedural due process protects an individual's right to a fair judicial proceeding. See id.
[5] The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[6] As we noted in State v. Goode, 830 So.2d 817, 825 (Fla.2002), the Legislature clearly intended that "the review process of potential sexual predators would be concluded while the person was still in prison." However, we also recognized "that while the Legislature intended that the Ryce Act operate in this way, there is evidence that in practice this is not occurring and that often people are being detained for long periods after their scheduled release date without being taken to trial." Id. at 825 n. 7.
[7] "Presumably, if the State followed the time periods established in the Ryce Act, the commitment trial would take place well in advance of the respondent's date of release from prison and the due process concerns of commitment beyond imprisonment would be alleviated. Under this scheme, the State would have multiple opportunities to initiate and pursue these commitments before the respondent's criminal sentence expires." Goode, 830 So.2d at 826.
[8] The deadline is reduced for certain offenders. See § 394.913(1), Fla. Stat. (2002).
[9] Failure to follow the proper procedures "in no way prevents the state attorney from proceeding against a person otherwise subject to [the Act]." § 394.913(4), Fla. Stat. (2002).
[10] If the offender's anticipated release date becomes immediate, this whole process is expedited. The individual must be transferred to the custody of DCF at the scheduled time of release. Within 72 hours, a multidisciplinary team must assess the individual and provide a written recommendation to the state attorney. The state attorney then has 48 hours to file a probable cause petition with the circuit court; otherwise the individual is released. § 394.9135, Fla. Stat. (2002).
[11] The district courts have also been ambiguous. In the case below, the Fourth District concluded that "[d]etention after these individuals have finished serving their sentences is a serious deprivation of liberty, which cannot be allowed without proof in the form of some reliable individual's personal knowledge." Kephart v. Kearney, 826 So.2d 517, 519 (Fla. 4th DCA 2002). The reference to "serious deprivation of liberty" implies a constitutional holding, but the court's subsequent analogies to the Florida Rules of Criminal Procedure and the Florida Statutes are more easily explained as statutory interpretation. Id. Similarly, in Melvin v. State, 804 So.2d 460 (Fla. 2d DCA 2001), the case with which conflict was certified, the Second District attributed the requirement of a sworn petition both to due process and to the statute. Id. at 463 (stating that "the legislature necessarily contemplated that the court would receive sworn proof," but also that "the promise of due process would be hollow if it required merely that the judge search the commitment petition for the requisite allegations").
[12] We noted in Goode that "the overwhelming majority of the people currently in the system [in October 2002] are detainees awaiting trial after the expiration of their sentences." 830 So.2d at 825 n. 7. This appears still to be true. See Office of Economic & Demographic Research, Sexually Violent Predator Program, Time from Referral to DCF to Trial, available at http://www.myflorida.com/edr /conferences/criminaljustice/svpptime.pdf.