WHATLEY, Judge.
James Palermo appeals a final summary judgment entered in favor of the City of Tampa and the Pension Board of the General Employees Retirement Plan for the City of Tampa. We affirm.
Palermo was employed by the City from October 1967 until April 2003. On July 1, 2003, Palermo filed a complaint, and thereafter an amended complaint, for declaratory relief against the City and the Pension Board, requesting the circuit court to determine his right to benefits provided for in the City’s pension plan. Palermo argued that he is entitled to “Division B” retirement benefits as provided for in chapter 81-497, Laws of Florida (“the Pension Act”). The Pension Act states as follows:
Section 3. Division of Employees. The retirement fund for the general employees of the City of Tampa shall be deemed to be divided into two divisions to be designated Division A and Division B:
(A) Division A of this system shall include all those members of the General Employee Retirement Plan created by Chapter 23559, Laws of Florida, 1945, as amended, who were employed prior to October 1, 1981, and who did not elect pursuant to the provisions of Section 7 of this Act to become members of Division B.
(B) Division B of this system shall include all general employees of the City of Tampa employed on or after October 1, 1981, and all employees of Division A who elected pursuant to Section 7 of this Act to become members of Division B.
Palermo argued that he was automatically enrolled in the Division B retirement plan because he was a general employee employed by the City on October 1, 1981, and he was never a member of Division A. The circuit court disagreed and granted summary judgment in favor of the City. The circuit court determined that Palermo was not entitled to Division B benefits for *552 two reasons. First, the court interpreted the language “employed on or after October 1, 1981,” to mean “hired on or after October 1, 1981.” Because Palermo was hired before October 1, 1981, the court found that he was not automatically included in Division B.
Second, the circuit court found that Palermo was not entitled to Division B benefits, because he was an appointed officer, not a general employee, of the City. Section 17 of the Pension Act provides that appointed officers could affirmatively elect in writing to participate in Division B,[1] but Palermo acknowledged that he never submitted a written request to be included in the Division B retirement plan. The circuit court found that, because Palermo was an appointed officer who never elected to be in Division B, he was not entitled to its retirement benefits. Although we conclude that the circuit court incorrectly interpreted the language, “employed on or after October 1,1981,” to exclude Palermo, we affirm the summary judgment entered in favor of the City because the circuit court correctly found that Palermo, as an appointed officer, was required to make a written request to be included in the plan.
This court’s review of the summary judgment is de novo. Estate of Githens v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So.2d 1272, 1274 (Fla. 2d DC A 2006). When interpreting a statute, this court must examine the plain meaning of the statute to determine the legislative intent. Kephart v. Hadi 932 So.2d 1086, 1091 (Fla.2006). The legislative intent must be determined from the words used without looking to rules of construction or speculating as to intent if the language of the statute is clear and unambiguous. Id.
We conclude that the circuit court erred in interpreting the language, “employed on or after” to mean “hired on or after.” The language of chapter 81-497 is clear and unambiguous. The language, “employed on or after October 1, 1981,” includes employees who were employed by the City on October 1, 1981, and employees who were hired on or after October 1, 1981. We note that in section 2 of the Pension Act, the legislature specifically stated that it created the Division B pension fund for “all employees of the City of Tampa, Florida, who are not now members of any other pension fund heretofore created by the Legislature of the State of Florida.” [2] Therefore, the language restricting benefits to persons employed on or after October 1, 1981, would not preclude Palermo from receiving benefits.
However, the circuit court correctly determined that Palermo was precluded from receiving Division B benefits, because he was an appointed officer, not a general employee, and he never submitted a written request to become a member of the Division B retirement plan. Paul Broughton, the administrator of the general employees’ retirement fund, testified that Palermo was an appointed officer. His opinion was based on the fact that Palermo was permitted to opt out of Division A, and only elective officers, department heads, and appointive officers were permitted to opt out of the Division A *553 retirement plan.[3]
Further, Palermo admitted in 'his deposition that prior to July 1981, he must have been either an elected officer, a department head, or an appointed officer, since he was permitted to opt out of the Division A retirement plan. However, Palermo argued that chapter 81-496, section 12, Laws of Florida, changed his classification to a general employee. This act provided that certain positions, including that of assistant city attorney, would be categorized as “unclassified services.” Ch. 81-496, § 12, Laws of Fla. Palermo contends that, because chapter 81-496 categorized his position as an unclassified service, he should be considered a general employee pursuant to the Pension Act. We disagree and conclude that the enactment of chapter 81-496 did not affect the opt-in requirements provided for in section 17 of the Pension Act. Chapter 81-496 categorized several positions as providing unclassified services, including all elected officers and all department heads who, along with appointive officers, are required by section 17 of the Pension Act to make a written request to be included in Division B.[4]
Accordingly, we affirm the final summary judgment entered in favor of the City.
Affirmed.
CASANUEVA, J„ Concurs.
LaROSE, J., Concurs with opinion.

. "Elective officers, department heads, and appointive officers, working with the City pri- or to October 1, 1981, who are not members of the General Employees Pension Plan may elect to become respective members of Division B, if they do so in writing on or before October 1, 1981.” Ch. 81-497, § 17, Laws of Fla.

. The legislature further provided that the act was to be "liberally construed.” Ch. 81-497, § 19, Laws of Fla.

. We note that the notice requirements in section 7 of the Pension Act do not apply to Palermo, since he was not previously a member of the Division A retirement plan.

. As noted by Broughton in his deposition, since Palermo was neither an elected officer nor a department head, he must be considered an appointed officer.