BENTON, C.J.
Hubert Davidson seeks a writ of certio-rari that would allow the video recording or, alternatively, a recording by a court reporter, of a psychological evaluation the state requested he submit to before a trial that has been scheduled to decide whether the state can continue to detain him as a sexually violent predator. We deny the petition.
The state began proceedings in 2000 to commit petitioner involuntarily as a sexually violent predator under section 894.9135 et seq., Florida Statutes (2000).[1] A former state prisoner who has served his sentence, he faces continued civil confinement as a sexually violent predator, if a jury concludes he meets the statutory definition. After the circuit court denied a motion to dismiss filed in 2010, he filed a petition for writ of prohibition here, which we denied. See Davidson v. State, 77 So.3d 1258 (Fla. 1st DCA 2011) (Table). A trial date has now been set. As part of its preparation for the trial determining whether he qualifies as a sexually violent predator subject to detention, even though his sentence has expired, the state requested a mental status evaluation.
In order to obtain a writ of cer-tiorari, the petitioner must demonstrate “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.” Byrd v. S. Prestressed Concrete, Inc., 928 So.2d 455, 457 (Fla. 1st DCA 2006) (internal quotations and citations omitted). A ruling constitutes “a departure from the essential requirements of the law” when it amounts to “a violation of a clearly established principle of law resulting in a miscarriage of justice.” Combs v. State, 436 So.2d 93, 96 (Fla.1983).
Parties facing mental, as well as physical, examinations have successfully invoked our certiorari jurisdiction to secure appropriate protections. Our supreme court has held that the examinee in a physical examination is entitled to have an attorney present as well as a videographer or court reporter. See U.S. Sec. Ins. Co. v. Cimino, 754 So.2d 697, 698-701 (Fla.2000). Six years later, this Court held that examinees are entitled to have an attorney present at examinations conducted pursuant to Florida Rule of Civil Procedure 1.360 “regardless of whether the examination is a physical, psychiatric or psychological one.” Byrd, 928 So.2d at 459.
In so holding, we relied on Freeman v. Latherow, 722 So.2d 885 (Fla. 2d DCA 1998) and Brompton v. Poy-Wing, 704 So.2d 1127 (Fla. 4th DCA 1998). In Freeman, the Second District said that the opposing party had not met its burden to demonstrate why an attorney (monitoring from an adjoining room) could not be present and why the examination could not be videotaped. 722 So.2d at 886. See also Maraman v. State, 980 So.2d 1096, 1099 (Fla. 2d DCA 2008) (granting certiorari to allow a videographer to record a sanity *674 examination where a criminal defendant had raised insanity as a defense to murder). In Brompton, the Fourth District held that the minor plaintiff in a medical malpractice suit was entitled to have his attorney present at a court-ordered neu-ropsychological examination, absent some case-specific factor not proven there. 704 So.2d at 1128.[2]
The proposed mental evaluation that has given rise to the present proceedings is not a section 394.913(3)(c) “personal interview” or part of the multidisciplinary team assessment that must be done before a petition for involuntary commitment as a sexually violent predator can be filed: petitioner has already been assessed by a “multidisciplinary team” which included two licensed psychiatrists or psychologists. See § 394.913(3)(b), Fla. Stat. (2000). Before the Department of Children and Families can make a recommendation to the state attorney that a person meets the definition of a sexually violent predator, he must be offered a “personal interview” by the multidisciplinary team. See § 394.913(3)(c), Fla. Stat. (2000). As part of this process, petitioner was previously evaluated by two separate doctors on his team, and was interviewed by at least one of them. Only because Dr. Waldman became unavailable to testify at trial did the state seek an additional expert witness and a third evaluation. This expert’s evaluation is to occur entirely outside the multidisciplinary team assessment phase, and is analytically indistinguishable from the adversarial examinations that occur, for example, in personal injury suits where mental status is an issue.
We assume for purposes of decision that the cases governing mental examinations in other forensic contexts apply with equal force in sexually violent predator civil confinement proceedings. See Maraman, 980 So.2d at 1099 (the defendant’s liberty interests are far higher stakes than a civil litigant’s monetary concerns). By statute, the civil rules of procedure apply in these eases. See § 394.9155(1), Fla. Stat. (2000) (“In all civil commitment proceedings for sexually violent predators under this part, the following shall apply: (1) The Florida Rules of Civil Procedure apply unless otherwise specified in this part.”); Kansas v. Hendricks, 521 U.S. 346, 369, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (“We therefore hold that the [Kansas Jimmy Ryce] Act does not establish criminal proceedings and that involuntary confinement pursuant to the Act is not punitive.”). Evaluations which may affect the public safety and may extinguish the subject’s physical liberty indefinitely require safeguards equal to, if not greater than, the safeguards available during evaluations in personal injury cases.
But petitioner’s specific contentions in the present case — taken in the context of the state’s concessions below[3] — leave us unpersuaded. Petitioner argues that merely allowing his attorney to be present is not enough and that “the only way to preserve the integrity of the evaluation” is to produce a video recording or a court reporter’s transcript. Petitioner’s reasons for requesting a videographer, summarized at the evidentiary hearing below, are to ensure the “integrity of the process is preserved,” and that petitioner’s responses are accurately recorded in the event of a *675 dispute involving credibility issues. But, as the state points out, an audio recording, which the state agreed to, fulfills all these purposes, and petitioner has failed to explain why an audio recording would be inadequate.[4]
All parties agree that petitioner is entitled to the recording of his psychological or psychiatric evaluation in some fashion. But we agree with the state that the essential requirements of law do not mandate either a video recording or a court reporter’s transcript, where the state has agreed to both an audio recording and counsel’s monitoring in real time. Because the lower court’s denial of petitioner’s motion was not a departure from the essential requirements of law, we deny the petition for writ of certiorari.
ROBERTS and RAY, JJ., concur.

. After a probable cause finding was made in purported conformity with section 394.915, Florida Statutes (2000), petitioner was transferred directly from prison to the Florida Civil Commitment Center. In 2001, his lawyer filed a motion to vacate the order determining probable cause on grounds that the "affidavit” supporting probable cause was not sworn. No action was taken on the motion until Kephart v. Hadi, 932 So.2d 1086, 1094 (Fla.2006) (holding probable cause petitions for Jimmy Ryce cases must be supported by sworn proof) came down. After Kephart, a duly sworn affidavit was filed in petitioner’s case, and the state is preparing for trial.

. Brompton v. Poy-Wing, 704 So.2d 1127, 1128-29 (Fla. 4th DCA 1998) did not discuss video recording. In Brompton, the trial court had ruled that a court reporter could be in attendance and the defense never objected to the presence of the minor plaintiff’s mother.

. The state agreed to allow petitioner’s counsel to monitor in real time (although the state did not specify whether the attorney could be present in the same room).

. In fact, petitioner confusingly requested in his reply that the court' “grant the writ of certiorari and direct the lower court to allow for a video or audio taping of the proceedings,” despite the state having already acceded to an audio recording. .Taken as a whole, the petition for certiorari is fairly construed, however, as requesting specifically a video recording or alternatively a court reporter.